# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 98-1360

_____

| | |
|---|---|
| Kenneth G. Middleton, | * |
| | * |
| Appellant, | * |
| | * |
| v. | * Appeal from the United States |
| | * District Court for the |
| City of Blue Springs, Missouri; | * Western District of Missouri. |
| Howard Brown, Chief, Blue Springs | * |
| Police Department; Dave Link, Sgt., | * [PUBLISHED] |
| Blue Springs Police Department, | * |
| | * |
| Appellees. | * |

_____

Submitted: May 27, 1998
Filed: June 2, 1998

_____

Before BOWMAN, Chief Judge, WOLLMAN, and MORRIS SHEPPARD ARNOLD,
Circuit Judges.

_____

PER CURIAM.

Kenneth G. Middleton, a Missouri prisoner, sought to establish subject-matter
jurisdiction based on diversity of citizenship. He appeals from the dismissal by the

District Court[1] of his action for lack of jurisdiction and also from the court's denial of his motion for reconsideration.  We affirm.

Middleton filed this action against the City of Blue Springs, Missouri, and two members of the Blue Springs police department, alleging that defendants prevented him from obtaining public records in violation of the Missouri "Sunshine Law," Mo. Rev. Stat. §§ 610.010-.150 (1994).  Defendants filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, asserting the case did not involve a controversy exceeding the value of $75,000.  After Middleton responded, the District Court concluded that he "failed to prove the requisite amount by a preponderance of the evidence," and dismissed the case for lack of jurisdiction.  The court also denied Middleton's motion for reconsideration.

After carefully reviewing the record and the parties' submissions, we agree that Middleton failed to prove by a preponderance of the evidence that the amount in controversy exceeded $75,000, and we thus conclude the District Court properly dismissed for lack of jurisdiction.  See 28 U.S.C. § 1332 (1994); State v. Western Surety Co., 51 F.3d 170, 173 (8th Cir. 1995) (stating if opposing party or court questions whether alleged amount is "legitimate," party attempting to invoke jurisdiction must prove amount by preponderance of evidence; once court concludes to legal certainty that plaintiff is not entitled to recover amount required by § 1332, court should dismiss action).  Here, even if Middleton were able to prove that defendants had violated the Sunshine Law on each of the five occasions alleged, the maximum amount he could recover by way of a civil fine would be $2,500, plus costs and reasonable attorney fees.  See Mo. Rev. Stat. § 610.027(3).  Though he claims entitlement to compensatory damages in excess of $100,000, his pleadings are devoid of any assertion to support that claim.  (We need not and do not decide whether the

_____

[1]The Honorable Fernando J. Gaitan, Jr., United States District Judge for the Western District of Missouri.

statute permits an award of compensatory damages.)  Neither his complaint nor his response offers any basis for believing that his costs and attorney fees would exceed $72,500.  We are satisfied that subject-matter jurisdiction clearly is not present.

We further conclude the District Court did not abuse its discretion in denying Middleton's motion for reconsideration.  See Perkins v. US W. Communications, 138 F.3d 336, 340 (8th Cir. 1998) (abuse of discretion review of Fed. R. Civ. P. 59(e) motion); Sanders v. Clemco Indus., 862 F.2d 161, 169 (8th Cir. 1988) (abuse of discretion review of Fed. R. Civ. P. 60(b) motion).

The orders of the District Court are affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.