# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3175

_____

|  |  |  |
|---|---|---|
| Charles G. Medicine Blanket, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Rosebud Sioux Tribal Police | * | District of South Dakota |
| Department, and Unknown Officers, | * | |
| Redbud Sioux Indian Reservation; | * | [UNPUBLISHED] |
| Officer Iyotte; Officer Decovy, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: February 27, 2004

Filed: March 24, 2004

_____

Before BYE, McMILLIAN, and RILEY, Circuit Judges.

_____

PER CURIAM.

Charles G. Medicine Blanket appeals from the final judgment of the District Court for the District of South Dakota in this civil rights action arising out of Medicine Blanket's arrest on the Rosebud Sioux Indian Reservation. The district

court[1] granted summary judgment to defendants and denied Medicine Blanket's motion for reconsideration. For reversal, Medicine Blanket argues the district court erred in (1) finding his motion for reconsideration untimely, (2) prematurely granting summary judgment to defendants, and (3) finding his action was time-barred. For the reasons discussed below, we affirm the judgment of the district court.

While we agree with Medicine Blanket that his reconsideration motion was timely filed, see Fed. R. Civ. P. 59(e), 6(a), the error is harmless because the district court considered the merits of the motion. We also reject Medicine Blanket's argument that summary judgment was premature, given that he did not make the required showing to the district court under Fed. R. Civ. P. 56(f). See United States v. Casino Magic Corp., 293 F.3d 419, 426 (8th Cir. 2002).

As to the merits, we affirm the grant of summary judgment because Medicine Blanket's claims challenge the conduct of tribal officers on a reservation, and it appears that this matter is the subject of on-going litigation by Medicine Blanket in the tribal court system. See In re Sac & Fox Tribe of Mississippi in Iowa/Meskwaki Casino Litigation, 340 F.3d 749, 763 (8th Cir. 2003) (jurisdiction to resolve internal tribal disputes and interpret tribal constitutions and laws lies with Indian tribes and not in district courts); Miller v. Benson, 51 F.3d 166, 170 (8th Cir. 1995) (appellate court may affirm judgment on any ground supported by the record).

Finally, we conclude that the district court did not abuse its discretion in denying Medicine Blanket's motion for reconsideration. See Perkins v. U.S. West Communications, 138 F.3d 336, 340 (8th Cir. 1998).

_____

---

[1]The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota.

-2-