Debra HARRILL, Plaintiff–Appellee,

v.

BLOUNT COUNTY, TENNESSEE; James L. Berrong; Tom Hatcher; Ron Martin; Bill Fancher; Jane Doe # 1, a/k/a Officer White, Defendants–Appellants,

Jane Doe # 2; Jane Doe # 3; Jane Doe # 9; and Jane Doe # 10, Defendants.

No. 94–5284.

United States Court of Appeals, Sixth Circuit.

Argued April 3, 1995.

Decided May 31, 1995.

Ellery E. Hill, Jr., Concord, TN (argued and briefed), for plaintiff-appellee.

Dean B. Farmer (argued and briefed), William T. Chastain, Hodges, Doughty & Carson, Knoxville, TN, for defendants-appellants.

Before: MERRITT, Chief Judge; SILER, Circuit Judge; EDMUNDS, District Judge.*

MERRITT, Chief Judge.

The defendants, who are Blount County, Tennessee, law enforcement officers, appeal the District Court's denial of qualified immunity in this 42 U.S.C. § 1983 action. The plaintiff, Debra Harrill, sued the defendants after her acquittal from one count of concealing stolen property. The District Judge ruled that plaintiff had presented two viable claims, one under the Fourth Amendment for arrest without probable cause and another under the Fourteenth Amendment for denial of procedural due process. The judge rejected defendants' claim of qualified immunity on motion for summary judgment, and defendants brought this appeal.

The only issue we have jurisdiction to address is the denial of qualified immunity because it is the only appealable interlocutory order rendered by the District Court. The primary question in such qualified immunity cases is whether the plaintiff has pointed to facts stating that the defendants violated her "clearly established rights." *Anderson v. Creighton*, 483 U.S. 635, 637–39, 107 S.Ct. 3034, 3038, 97 L.Ed.2d 523 (1987). Because we find that plaintiff's Fourth and Fourteenth Amendment rights were not violated by the defendants' alleged conduct, qualified immunity is available to the defendants.

■ The standard we are to apply is phrased as whether the officials' conduct was "objectively legally reasonable." *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). The essential reasoning underpinning this standard is that officials should not be punished for the vigorous performance of their duties by holding them liable for actions that a reasonable person would not have known violated the rights of another. To defeat a claim of qualified immunity, it must first be determined that the right alleged to have been violated was clearly established in "federal constitutional, statutory or case law existing at the time," *Dominque v. Telb*, 831 F.2d 673, 677 (6th Cir.

1987), and then that the official's conduct, as alleged by the plaintiff, actually violated that right. *Anderson*, 483 U.S. at 639–44, 107 S.Ct. at 3039–41.

## FOURTH AMENDMENT CLAIM

■ Plaintiff has alleged that Detective Hatcher, the arresting officer, did not have probable cause to arrest her for concealing stolen property by driving a stolen vehicle. In the days immediately prior to plaintiff's arrest, Blount County law enforcement officers investigated a string of local burglaries. A man involved with the burglaries, Joe McCool, turned informant. He told Detective Hatcher that an automobile theft ring, or "chop shop," operated primarily out of plaintiff's house and that plaintiff was driving a stolen white Suzuki truck. He also told the officers that plaintiff's boyfriend and father were involved with the burglaries and the "chopping" operation.

With another officer, Detective Hatcher obtained a search warrant for the house identified by the informant. Plaintiff and her boyfriend had recently moved and the house was vacant, but in the house the officers found two stolen truck cabs which had been stripped of all valuable parts. This evidence supports an inference of the existence of a "chopping" operation. The officers also found a gas can that had been stolen in one of the burglaries under investigation. This item further established McCool's credibility as an informant with reliable information. Detective Hatcher then went to plaintiff's new house and began watching for the plaintiff. When she left that house in a white Suzuki truck matching McCool's description, he followed her.

Plaintiff stopped at a convenience mart and went inside. Plaintiff states that Detective Hatcher approached the Suzuki after she re-entered the truck. He asked her for her vehicle registration which she did not have in the truck. Detective Hatcher then asked plaintiff to step out of the car and informed her that she was under arrest for concealing

---

* The Honorable Nancy G. Edmunds, United States District Judge for the Eastern District of Michigan, sitting by designation.

stolen property by driving the stolen Suzuki. Detective Hatcher then used the vehicle identification number (VIN), visible through the windshield on the driver's side of the dashboard, to confirm that the Suzuki was stolen. The check indicated that the truck driven by plaintiff had recently been stolen from adjoining Sevier County. Plaintiff was then taken to the jail for booking.

There was probable cause for plaintiff's arrest and her Fourth Amendment rights were not violated. Detective Hatcher clearly had probable cause to arrest the plaintiff after he determined through the VIN check that the Suzuki was stolen. The only issue is whether there was probable cause for plaintiff's arrest prior to the VIN check.

Detective Hatcher had sufficient probable cause to arrest the plaintiff. After searching plaintiff's recently vacated house, Detective Hatcher discovered significant evidence that she was involved in some way with a "chop shop" operation. Detective Hatcher also had information from a known informant that plaintiff was driving a stolen truck. The plaintiff left her new house in a truck matching the description given by McCool. After confronting the plaintiff, Detective Hatcher discovered that she did not have any registration for this vehicle. Only then did he arrest her. These facts would cause a reasonable person to suspect that a crime had been committed and justified her arrest for driving a stolen vehicle. Furthermore, the plaintiff has not pointed to any ulterior motive for the arrest. It was the result of a routine police investigation that uncovered evidence of a crime.

The plaintiff has not alleged a violation of her clearly established Fourth Amendment rights. Accordingly, the defendants have qualified immunity from plaintiff's Fourth Amendment claim.

## FOURTEENTH AMENDMENT CLAIM

■ Plaintiff also argues that the defendants violated her right to procedural due process when the booking officer, Deputy Bill Fancher, on orders from Detective Hatcher, did not allow plaintiff to immediately telephone her father after her arrest. Plaintiff admits that she was informed several times that she could phone an attorney. Detective Hatcher feared that allowing plaintiff to call her father would jeopardize the ongoing investigation, including a search of her father's property. In the end, plaintiff did not call anyone and was otherwise booked according to procedure.

Plaintiff claims that the failure to allow her to call her father violates T.C.A. § 40–7–106(b), which states in relevant part:

No person under arrest ... shall have his name entered on any ... record until such time that the person has successfully completed a telephone call to an attorney, relative, minister or any other person that he shall choose, without undue delay. One (1) hour shall constitute a reasonable time without undue delay. However, if the arrested person does not choose to make a telephone call, then he shall be "booked" or docketed immediately.

■ Plaintiff argues that this statute "creates" a right under the Fourteenth Amendment Due Process Clause. Appellee's Brief at 13. This argument is in error. A state statute cannot "create" a federal constitutional right. Some state statutes may establish liberty or property interests protected by the Due Process Clause, but this statute creates neither a federally protected liberty or property interest. Federal law governs the obligation of officers under the Due Process Clause in according arrestees the right to counsel and the right of presentment to a magistrate. See, e.g., County of Riverside v. McLaughlin, 500 U.S. 44, 111 S.Ct. 1661, 114 L.Ed.2d 49 (1991) (arrestees must be presented to magistrate within 48 hours of warrantless arrest for probable cause determination). If states could vary these federal constitutional rights by statute or local ordinance, the federal constitutional law governing arrest would vary from state to state and from city to city. The right to make a phone call immediately upon arrest is not a recognized property right, nor is it a traditional liberty interest recognized by federal law. The violation of a right created and recognized only under state law is not actionable under § 1983. See, e.g., Sweeton v. Brown, 27 F.3d 1162, 1165 (6th Cir.1994) (en banc)

(Michigan prison regulations did not create federal Due Process rights and were not actionable under § 1983).

■ The fact that plaintiff has not stated a claim under federal law does not end the matter because the plaintiff also argues that the violation of a "clearly established" state right avoids qualified immunity while conceding that the underlying claim must be based on federal law. According to this argument, violation of a state statute suggests the kind of bad faith law enforcement that should be sufficient to dissolve qualified immunity.

A violation of a clearly established state law can only surmount qualified immunity if it embodies the federal right that is the basis of the § 1983 action. *Davis v. Scherer,* 468 U.S. 183, 104 S.Ct. 3012, 82 L.Ed.2d 139 (1984); *Poe v. Haydon,* 853 F.2d 418, 428 (6th Cir.1988), *cert. denied,* 488 U.S. 1007, 109 S.Ct. 788, 102 L.Ed.2d 780 (1989). Because T.C.A. § 40-7-106(b) does not set forth a federal right actionable under § 1983, it cannot be used to destroy the defendants' claim of qualified immunity. Thus, the defendants did not violate the plaintiff's clearly established federal rights, and therefore they have qualified immunity from plaintiff's § 1983 claims.

## CLAIM AGAINST BLOUNT COUNTY

■ The plaintiff has also sued Blount County in its municipal capacity. Qualified immunity is not available to municipal governments. Its liability is judged under the standards set forth by the Supreme Court in *Monell v. Dept. of Soc. Servs. of New York,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). We do not have jurisdiction to resolve this issue because no final order has issued from the District Court.

Accordingly, the order of the District Court is REVERSED, and the case remanded for dismissal of plaintiff's claims against the officers.