IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
JUNE SESSION, 1998

FILED

August 31, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | No. 01C01-9710-CC-00472 |
| Appellee | ) | |
| | ) | FRANKLIN COUNTY |
| vs. | ) | |
| | ) | Hon. J. Curtis Smith, Judge |
| CAROLYN F. PICKETT, | ) | |
| | ) | (DUI, First Offense) |
| Appellant | ) | |

For the Appellant:

**Robert S. Peters**
Swafford, Peters & Priest
100 First Avenue, S.W.
Winchester, TN 37398

For the Appellee:

**John Knox Walkup**
Attorney General and Reporter

**Karen M. Yacuzzo**
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

**James Michael Taylor**
District Attorney General

**Bill Copeland**
Asst. District Attorney General
Dinah Shore Blvd.
Winchester, TN 37398

OPINION FILED: _____

AFFIRMED

**David G. Hayes**
Judge

## O P I N I O N

The appellant, Carolyn F. Pickett, appeals as of right her conviction by a Franklin County jury for driving under the influence, first offense. Following her conviction, the trial court sentenced the appellant to ten days in jail, to be served on weekends, with the balance of her eleven months, twenty-nine days sentence to be served on supervised probation. On appeal, she raises the following issues (1) whether the evidence is sufficient to support her conviction and (2) whether the delay by the police in affording her the right to a phone call violated due process of law.

After review, we affirm.

## Background

At approximately 3:30 a.m. on August 6, 1995, Sewanee Police Officer Tony Gilliam, with radar equipment, clocked the appellant traveling 70 m.p.h. in a 35 m.p.h. speed zone.[1] Officer Gilliam, after initiating pursuit, observed the speeding vehicle swerving from the left lane of traffic into the right lane. After a pursuit of approximately two miles, with blue lights and sirens activated, the vehicle eventually stopped. The vehicle, a red 1993 Cadillac, was operated by the appellant. After the driver's side window was finally lowered by the appellant, the officer immediately observed "a strong odor of alcohol about her person and car." The appellant's speech was slurred and her responses were "uncoordinated." She was unable to emerge from her vehicle without assistance from the officer. The appellant refused to perform any field sobriety tests nor would she submit to a blood alcohol test,

---

[1]At trial, material variances existed between the testimony of the prosecuting witnesses and that of the appellant. Under our standard of review on appeal, this court is required to take the strongest legitimate view of the evidence favoring the prevailing party, discarding all contrary evidence. See Jackson v. Virginia, 443 U.S. 307, 319 (1979), 99 S.Ct. 2781, 2791-92 (1979); Tenn. R. App. P. 13(e). Accordingly, we review the facts in the light most favorable to the State.

stating that her lawyer had advised her not to submit to any such test. She admitted to Officer Gilliam that she had consumed a "couple of drinks" and had taken "a couple of nerve pills" because "she'd had a bad day."

After the appellant's arrest, she was transported to the Sewanee Police Station. Officer Gilliam explained that the standard processing procedure is to first transport the arrestee to a temporary holding cell at the police station while the arresting officer completes the appropriate paperwork, including the arrest report.[2] After the paperwork has been completed, the officer then transports the person in custody to the Franklin County jail in Winchester where that person is lodged pending formal charges. Prior to being placed in a jail cell at the county jail, the person under arrest is then allowed to make a phone call.

While the appellant was at the Sewanee Police Station, she asked Officer Gilliam if she could make a phone call. The officer advised her that, as soon as the paperwork was completed, she would be transported to the Franklin County jail where she would be allowed to make the call. Officer Gilliam acknowledged, on cross-examination at trial, that he did not want the appellant "to make a phone call to get someone over there to try to get her out of trouble. . . . I refused to let her do that." After the paperwork was completed, the appellant was transported to the county jail. After arriving at the jail, the appellant was permitted to make the requested phone call.

At trial, two additional witnesses corroborated the testimony of Officer Gilliam concerning the appellant's state of intoxication. Brian Wiley, a back-up officer who was called to the scene because of the ensuing pursuit, observed the appellant's demeanor after being stopped. Becky Byers, a dispatcher with the Sewanee Police

---

[2]In this case, the appellant was not placed in the cell because Officer Gilliam was concerned that, due to her condition, she might fall and injure herself.

Department, was present when the appellant was brought to the police station.  Both witnesses testified at trial that the appellant was intoxicated.

The defense proof consisted solely of the appellant's testimony. The appellant, a beauty shop operator, testified that on this date, she was emotionally upset due to the recent death of her sister.  The appellant denied that she was traveling at 70 m.p.h., denied that she was ever offered a field sobriety test, denied that a BAC test was ever mentioned, and denied telling Officer Gilliam that she had been drinking alcohol.  At trial, the appellant testified that she had had no alcohol to drink at all, except for some cough syrup which she had taken earlier in the evening. She explained that when Officer Gilliam asked if she had been drinking, she replied that she had consumed "two cans," meaning two cans of caffeine-free Diet Pepsi. Moreover, she testified that she asked repeatedly to call her attorney or her nephew, however, this request was denied.  Finally, the appellant concluded that all of the witnesses who stated that they smelled alcohol on her breath were lying.

**Analysis**

I.  Sufficiency of the Evidence

The appellant first contends that the evidence is insufficient as a matter of law to support her conviction for driving under the influence.  When an accused challenges the sufficiency of the evidence, an appellate court's standard of review is whether, after considering the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. at 324, 99 S.Ct. at 2791-92; State v. Duncan, 698 S.W.2d 63, 67 (Tenn. 1985), cert. denied, 475 U.S. 1031, 106 S.Ct. 1240 (1986); Tenn. R. App. P. 13(e).

4

In determining the sufficiency of the evidence, this court does not reweigh or reevaluate the evidence. State v. Matthews, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). Questions concerning the credibility of the witnesses, the weight and value of the evidence, as well as all factual issues raised by the evidence are resolved by the trier of fact and not this court. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). Nor may this court substitute its inferences for those drawn by the trier of fact from the evidence. Liakas v. State, 199 Tenn. 298, 286 S.W.2d 856, 859, cert. denied, 352 U.S. 845, 77 S.Ct. 39 (1956); Farmer v. State, 574 S.W.2d 49, 51 (Tenn. Crim. App. 1978). On the contrary, this court must afford the State the strongest legitimate view of the evidence contained in the record as well as all reasonable and legitimate inferences which may be drawn from the evidence. Cabbage, 571 S.W.2d at 835.

The elements of driving under the influence are: (1) driving or being in physical control of a motor vehicle (2) upon a public thoroughfare while (3) under the influence of an intoxicant or drug. Tenn. Code Ann. § 55-10-401 (1993); State v. Ray, 563 S.W.2d 454, 459 (Tenn. Crim. App. 1988). In this case, the appellant challenges only the finding that she was under the influence of an intoxicant at the time of her arrest. The jury heard three prosecuting witnesses testify that they smelled alcohol on the appellant's breath. Moreover, Officer Gilliam testified that she could not exit her vehicle without assistance. Both Officers Gilliam and Wiley testified that her speech was slurred. Ms. Byers testified that the appellant was unsteady when she arrived at the police station. Both Wiley and Byers testified that, in their opinion, the appellant was intoxicated. Finally, proof at trial established the erratic driving behavior of the appellant prior to her arrest. We conclude that the evidence in the record before us, viewed in the light most favorable to the State, amply supports the appellant's conviction for driving under the influence, first offense. This issue is without merit.

## II.  Alleged violation of Tenn. Code Ann. § 40-7-106(b), the right to a telephone call

Next, the appellant asserts that her constitutional right to due process was violated because Officer Giliam refused to allow her to make a phone call from the Sewanee Police Station.  The appellant argues that the officer's action prevented her "from phoning her nephew or her attorney while confined at the police station and by doing so, prevented the defendant from obtaining exculpatory evidence no longer available."

We begin by addressing the right to a phone call without undue delay.  Tenn. Code Ann. § 40-7-106(b) (1990) states:

> No person under arrest by any officer or private citizen shall have his name entered on any book, ledger or any other record until such time that the person has successfully completed a telephone call to an attorney, relative, minister or any other person that he shall choose, without undue delay.  One (1) hour shall constitute a reasonable time without undue delay.  However, if the arrested person does not choose to make a telephone call, then he shall be "booked" or docketed immediately.

In Harrill v. Blount County, Tennessee, 55 F.3d 1123, 1125 (6th Cir. 1995), the Sixth Circuit Court of Appeals found that Tenn. Code Ann. § 40-7-106(b) created no due process liberty interest nor property right protected by the Fourteenth Amendment.

> Federal law governs the obligation of officers under the Due Process Clause in according arrestees the right to counsel and the right of presentment to a magistrate.  See, e.g., County of Riverside v. McLaughlin, 500 U.S. 44, 111 S.Ct. 1661, 114 L.Ed.2d 49 (1991). . . . If states could vary these federal constitutional rights by statute or local ordinance, the federal constitutional law governing arrest would vary from state to state and from city to city.  The right to make a phone call immediately upon arrest is not a recognized property right, nor is it a traditional liberty interest recognized by federal law.

The Due Process Clause of the Fourteenth Amendment and Article I, Section 8 of the Constitution of Tennessee embody similar procedural protections.  Doe v. Norris, 751 S.W.2d 834, 838 (Tenn. 1988); State ex rel. Anglin v. Mitchell, 596 S.W.2d 779, 786 (Tenn. 1980).

6

As recognized in Harrill, although no constitutional right is cognizable, our legislature has found it prudent to create a statutory right to a phone call following arrest. A statutory right, by itself, is not tantamount to a constitutional right. Nonetheless, when an abridgement of a statutory right leads to an infringement of a constitutional guarantee such abridgement must be scrupulously reviewed. Thus, although the right to make a phone call without undue delay is not *per se* constitutionally compelled, it remains that such right, when denied, may be considered as one factor within the purview of other relevant factors in establishing the constitutional infringement. For example, within the context of a Fifth Amendment claim, whether the accused was denied a phone call may be considered in determining the voluntariness of the statement. State v. Claybrook, 736 S.W.2d 95, 103 (Tenn. 1987).

Within this context, we, in turn, address the merits of the appellant's argument that, because she was denied a phone call from the Sewanee Police Station, her ability to present exculpatory evidence in her defense was effectively foreclosed. Specifically, she argues that Officer Gilliam's action prevented her from arranging an independent blood alcohol test and prevented her from presenting witnesses who could have "attested to her lack of impairment and lack of intoxication." We find this argument misplaced. First, the proof establishes that, although the appellant was denied a phone call from the Sewanee Police Station, she was afforded this right upon her arrival at the Franklin County jail. The record, however, fails to establish the elapsed time between her arrest and when the call was made and also fails to establish to whom the call was made. Accordingly, the record does not reflect whether the call from the Franklin County jail constituted "undue delay." Furthermore, because the record does not identify the person called by the appellant, we are unable to exclude "her nephew or her attorney" as the person called. It is clear, however, that whomever was telephoned could have testified at trial as to the appellant's demeanor but was not called as a witness to do

7

so.

In a case very similar to the one at bar, <u>State v. Propes</u>, No. 03C01-9211-CR-00376 (Tenn. Crim. App. at Knoxville, July 13, 1993), this court found that an appellant's constitutional rights were not violated after being allowed a phone call four to four and a half hours after his arrival at the police station.   In <u>Propes</u>, we stated:

> [The] appellant has failed to demonstrate how any violation of this statute [Tenn. Code Ann. § 40-7-106(b)] would have affected the way in which he defended his case.  The record shows that when permitted a telephone call, it was placed to his wife, not an attorney.  Moreover, appellant has not demonstrated that an independent breath analysis had been or would have been requested, or if requested that the outcome of his breath analysis and this conviction would have been different.  Any error, therefore, at best would be harmless.

Thus, assuming for argument's sake that the appellant's statutory right to a phone call without undue delay was violated, the appellant has failed, as in <u>Propes</u>, to establish prejudice.

**Conclusion**

In sum, although the proof establishes that a delay occurred in affording the appellant a phone call, the question before us is whether the phone call constituted "undue delay."  We are unable to make such a determination for numerous reasons. First, as previously noted, we are unable to make this determination from the factually incomplete record.  Second, from the record before us, we do not find a *per se* statutory violation.  Finally, the appellant does not allege any constitutional infringement arising from the "delay."  Accordingly, this issue is without merit.

Notwithstanding, this ruling should not be perceived as giving tacit approval to

the officer's explanation at trial that he didn't want "someone over there to try to get her out of trouble." This perspective ignores the presumptive innocence of the accused and endorses a result-oriented gamesmanship, referred to as the "sporting theory of justice," which must be condemned. See State v. Gaddis, 530 S.W.2d 64, 69 (Tenn. 1975). Clearly, the better policy would have been for the officer to have permitted the appellant a phone call from the Sewanee Police Station.

For the foregoing reasons, the judgment of the trial court is affirmed.

_____
DAVID G. HAYES, Judge

CONCUR:


_____
JOHN H. PEAY, Judge


_____
JOSEPH M. TIPTON, Judge