**AMERICAN MARIETTA CORPORATION, Plaintiff–Appellee,**

v.

**ESSROC CEMENT CORPORATION, Defendant–Appellant.**

**No. 01–3752.**

United States Court of Appeals, Sixth Circuit.

Feb. 19, 2003.

Before BATCHELDER and MOORE, Circuit Judges; and COLLIER,* District Judge.

BATCHELDER, Circuit Judge.

Defendant–Appellant Essroc Cement Corporation appeals the district court's order granting summary judgment in favor of Plaintiff–Appellee American Marietta Corporation on its motion to affirm an award in arbitration. Essroc also appeals the district court's order denying its motion to alter or amend the judgment. Finding no error, we affirm the judgment of the district court.

## PROCEDURAL HISTORY

After a contract dispute arose between Essroc Cement and American Marietta Corporation, the parties submitted the case to arbitration as required by their contract. A panel of three arbitrators issued an award requiring that (1) Essroc pay American Marietta $1,059,160.35 on its claims against Essroc within thirty days of the award; (2) Essroc pay post-judgment interest at a rate of 10 percent per annum; and (3) American Marietta provide Essroc with any outstanding lien releases within thirty days. After both parties failed to act, American Marietta filed a petition in the district court to confirm and enforce the award.

Essroc answered the petition and denied that it had failed or refused to comply with the award. Asserting a counterclaim for a declaratory judgment, Essroc asked the district court to find that the arbitration award required American Marietta to provide any outstanding lien releases as a condition precedent to any payment by Essroc. American Marietta answered by denying the existence of any outstanding lien releases and noting that there were no liens on the project. Moreover, American Marietta argued that the time to file liens had expired.

On November 27, 2000, American Marietta moved for summary judgment, and Essroc failed to respond. On January 5, 2001, the district court granted summary judgment to American Marietta on both American Marietta's claim and Essroc's counterclaim. Six days later, Essroc filed a motion–without citing to any particular Federal Rule of Civil Procedure–"to reconsider" the court's summary judgment ruling. Construing Essroc's motion as a Rule 59(e) motion to alter or amend judgment, the district court granted the motion to reconsider, and, upon reconsideration, denied the motion to alter or amend the judgment. Essroc's timely appeal followed.

---

* The Honorable Curtis L. Collier, United States District Judge for the Eastern District of Tennessee, sitting by designation.

## FACTUAL BACKGROUND

■ From November 1997 until February 1999, American Marietta served as the general contractor on a construction project to build two cement storage silos at the Port of Cleveland for Essroc. The construction contract provided that upon completion, American Marietta would certify and furnish satisfactory proof that all material and labor costs had been fully paid. Due to defective concrete, American Marietta finished the project later than originally planned and at a higher cost. A dispute ensued over responsibility for the defective concrete and American Marietta's entitlement to certain payments from Essroc. The parties submitted the dispute to arbitration.

During the arbitration, Essroc demanded that American Marietta provide lien releases to protect Essroc against possible future litigation in the event that any subcontractors and suppliers remained unpaid after Essroc made final payment to American Marietta. On May 30, 2000, the arbitrators issued their award, which included the requirement that American Marietta provide any outstanding lien releases within thirty days. Essroc then asked for an accounting to ensure that American Marietta had produced all outstanding lien releases from the subcontractors. American Marietta, however, made no effort to acquire addition lien releases, arguing that there were no outstanding liens, the time to file a lien had expired and American Marietta had furnished a payment bond to cover its payment obligations.

American Marietta filed suit in August 2000 to enforce the arbitration award. In November 2000, Essroc and RLI Insurance Company, American Marietta's bonding company, discussed a possible settlement to the dispute, but no written proposal was forthcoming. American Marietta filed a motion for summary judgment on November 27, 2000, to which Essroc did not respond. On December 28, 2000, some two weeks after the local rule time within which to respond to the summary judgment motion had expired, see Local Civil Rule 7.1(e) of the United State District Court for the Northern District of Ohio (requiring a party to file any opposition to a motion for summary judgment within ten days), Essroc sent to RLI's counsel a draft of a proposed "Mutual Release and Indemnity Contract," which required the signature of several parties in addition to RLI. In the accompanying letter, Essroc said, "[g]et back to us as soon as you can. We would like to avoid responding to the motion for summary judgment, if possible."

On January 5, 2001, American Marietta responded to Essroc's settlement proposal. On that same day, however, the district court granted the unopposed motion for summary judgment. Essroc petitioned for reconsideration, arguing that it had failed to respond to the motion for summary judgment because the parties were attempting to settle the matter and that summary judgment was not proper because American Marietta had failed to provide the outstanding lien releases required under the arbitration award. On reconsideration, the court determined that Essroc was not contending that the court misunderstood the law, that the law had changed, or that the court had misunderstood the facts. Moreover, the court held, Essroc had failed to show that the court had not considered "evidence that was previously unavailable," or that reconsideration was necessary to prevent an injustice. The court therefore declined to alter or amend the judgment.

## ANALYSIS

### A. Summary Judgment

We review de novo a district court's grant of summary judgment, using the

same standard under Rule 56(c) used by the district court, *Williams v. Mehra*, 186 F.3d 685, 689 (6th Cir.1999) (en banc), and considering the record as it stood before the district court at the time of its ruling, *Niecko v. Emro Marketing Co.*, 973 F.2d 1296, 1303 (6th Cir.1992). Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). We view the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). To withstand summary judgment, the non-movant must present sufficient evidence to create a genuine issue of material fact. *Klepper v. First Am. Bank*, 916 F.2d 337, 342 (6th Cir.1990). A mere scintilla of evidence is insufficient; "there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

In support of its motion for summary judgment, American Marietta supplied an affidavit from its former treasurer, who claimed that all subcontractors had executed lien releases and that American Marietta had provided those releases to Essroc.

American Marietta argued that it had no outstanding obligations and was entitled to full payment under the arbitration award. Essroc, the non-movant, produced no evidence in opposition to the motion for summary judgment. As the district court noted in its opinion, "Essroc has not only failed to offer a 'scintilla' of evidence in support of its position, it has offered no evidence whatsoever."

A district court properly relies upon the facts provided by a moving party when a motion for summary judgment goes unopposed. *Guarino v. Brookfield Township Trs.*, 980 F.2d 399, 404–05 (6th Cir.1992). Here, the district court properly relied on American Marietta's unrefuted evidence that all required lien releases had been provided to Essroc, and on that unrefuted evidence, summary judgment was proper. We therefore affirm the grant of summary judgment to American Marietta.

## B. Motion to Reconsider

■ Federal Rule of Civil Procedure 59(e) provides: "Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." Where a Rule 59(e) motion seeks reconsideration of a grant of summary judgment, this court reviews de novo the district court's ruling. *Keweenaw Bay Indian Comm. v. United States*, 136 F.3d 469, 474 (6th Cir.1998). As the district court here correctly observed, a motion to reconsider should not be used to re-litigate issues previously considered. "Motions to alter or amend judgment may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *GenCorp, Inc. v. American Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (internal citations omitted).

Under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, et seq., a district court with appropriate jurisdiction must grant a motion to confirm an arbitration award unless the court instead vacates, modifies, or corrects the award in accordance with the provisions of the Act. 9 U.S.C. § 9. Although Essroc claims the district court substituted its judgment for that of the arbitrators, Essroc points to no law actually misapplied by the district court in its order confirming the arbitration award. The district court's decision–that no outstanding lien releases existed–fits within the framework of the arbitration award and creates no grounds for overturning the grant of summary judgment or the order denying the motion to alter or amend judgment.

Motions to reconsider must rely on new evidence and not information readily available during the prior proceedings. "Motions for reconsideration are limited in purpose to correcting errors of law or to present newly discovered evidence. 'Such motions cannot in any case be employed as a vehicle to introduce new evidence that could have been adduced during pendency of the summary judgment motion.'" *Macdermid Inc. v. Electrochemicals Inc.*, Nos. 96–3995, 96–4072, 1998 WL 165137, 1998 U.S.App. LEXIS 6663, *19 n. 7 (6th Cir. 1998) (unpublished) (citing *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir.), *amended,* 835 F.2d 710 (7th Cir.1987)).

Essroc did not produce any evidence to support its motion to alter or amend the judgment that could not have been produced during the pendency of the summary judgment motion. Furthermore, Essroc failed either to argue any intervening change in the law to justify an altered judgment or to provide any evidence that the confirmation of the arbitration award would work a manifest injustice. Essroc did not prove the existence of any outstanding lien or unpaid contractors, and has not demonstrated that American Marietta's payment bond would not be sufficient to protect it from liability on such claims, if any exist. We therefore find no error in the district court's refusal to alter or amend its judgment.

■ Finally, Essroc claims the district court erred by considering the motion to reconsider under Rule 59(e) rather than viewing it as a motion under Rule 60(b) for relief from judgment. This motion, filed within ten days of entry of final judgment, made no mention of any Federal Rule of Civil Procedure. We find no basis for concluding that the district court abused its discretion in treating it as a motion under Rule 59(e) to alter or amend judgment. *See Inge v. Rock Financial Corp.,* 281 F.3d 613, 617 (6th Cir.2002) ("When a party files a motion to reconsider a final order or judgment within ten days of entry, we will generally consider the motion to be brought pursuant to Rule 59(e)."). We therefore affirm the district court's order denying the motion.

### CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court.