**Ned SPEISER, Plaintiff–Appellant,**

**v.**

**Doug ENGLE; David Westrick; Defiance County Commissioners; Otto Nicely; W. Tom Wiseman; Darrell Miller; Thomas R. Brokamp, Defendants–Appellees.**

**No. 01–4261.**

United States Court of Appeals,
Sixth Circuit.

July 28, 2004.

Terry J. Lodge, Toledo, OH, for Plaintiff–Appellant.

Marc A. Fishel, Dolores F. Torriero, Downes, Hurst & Fishel, Karen J. Huey, Todd R. Marti, Asst. Atty. General, Columbus, OH, for Defendants–Appellees.

Before: BATCHELDER, GIBBONS, and COOK, Circuit Judges.

COOK, Circuit Judge.

Ned Speiser, former Director of Defiance County's Emergency Management Agency (EMA), sued various Defiance County officials and an Ohio law enforcement officer under 42 U.S.C. § 1983, claiming that defendants waged a campaign of unconstitutional retaliation against him from 1997 through 2000. He also alleged a pendent state claim for wrongful discharge in violation of public policy. Speiser maintains that his reporting the County Prosecutor's relative for illegal waste dumping motivated defendants' retaliatory actions. Speiser appeals the district court's grant of summary judgment in favor of defendants and denial of his motion for reconsideration of that ruling. We affirm.

I

A. Motion for Summary Judgment

This court reviews de novo the district court's grant of summary judgment, *Graham ex rel. Estate of Graham v. County of Washtenaw,* 358 F.3d 377, 382 (6th Cir. 2004), applying the familiar standard from *Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), and *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251–52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

In granting summary judgment, the district court concluded that the doctrine of qualified immunity protects defendants from liability on Speiser's § 1983 claims. Qualified immunity shields public officials from civil damages if their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). We address each defendant's claim of qualified immunity separately.

1. Defendant Thomas Brokamp

Speiser contends that the district court erred in holding that Thomas Bro-

kamp of the Ohio Bureau of Criminal Investigation was entitled to qualified immunity for his role in the search of Speiser's business, Mulligan Sales, and the seizure of certain property. Speiser argues that the search and seizure violated his Fourth Amendment rights because probable cause did not support the underlying search warrant due to factual misstatements in Brokamp's supporting affidavit. Speiser targets two such misstatements: (1) Brokamp averred that suspected stolen vehicles lacked serial number plates but then testified to the contrary at his deposition; and (2) Brokamp employed different words from those in his affidavit when testifying by deposition on the subject of a police warning Speiser received. The district court concluded that, even excluding these challenged statements, Brokamp's affidavit provided probable cause to support issuing the search warrant. We agree and uphold the district court's finding of qualified immunity for Brokamp.

### 2. Defendants Doug Engle and David Westrick

■ Speiser next argues that Sheriff David Westrick and Deputy Sheriff Doug Engle deprived him of due process by "seizing" and then refusing to release equipment from Mulligan Sales. Speiser claims that during the investigation of the charge of receiving stolen vehicles, Engle issued a verbal "police order" forbidding Mulligan Sales from selling suspected-stolen equipment. Westrick, he complains, refused to rescind Engle's order even after Speiser's acquittal of any wrongdoing.

But the evidence, when viewed in the light most favorable to Speiser, does not demonstrate that the police seized the equipment. The evidence reflects that Engle did not issue a police order, but instead requested that Mulligan Sales cooperate with police by refraining from selling the allegedly stolen equipment until the police verified its ownership. The equipment remained at all times in Mulligan Sales's possession and under its control, and Speiser waited more than a year after Engle's request for cooperation to raise the issue of the equipment's status with the police or the prosecutor.

Accordingly, because Speiser failed to demonstrate that Westrick and Engle deprived him of his right to due process under the Constitution, we affirm the district court's ruling that Engle and Westrick are entitled to qualified immunity.

### 3. Defendant County Commissioners Otto Nicely, Tom Wiseman, and Darrell Miller

■ Speiser claims that county commissioners Otto Nicely, Tom Wiseman, and Darrell Miller denied him his Fifth Amendment right to counsel when they met with him to discuss allegations of his improper conduct as EMA Director. His reliance on the commissioners' written policy providing a right to counsel at pre-disciplinary hearings, however, suggests that his deprivation of counsel claim takes root in contract, rather than stemming from a constitutional violation that § 1983 addresses. Moreover, Speiser would not have been entitled to have his attorney present at a pre-disciplinary hearing—due process requires only "notice and an opportunity to respond" prior to deprivation of job benefits. *Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 545—46, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985); *see also Harrill v. Blount County, Tenn.,* 55 F.3d 1123, 1125 (6th Cir.1995) (holding that state statutes and local ordinances cannot expand federal constitutional rights).

■ Speiser also asserts that the commissioners violated his right to free association when they criticized him for taking a non-employee to a secure county facility. Such a claim requires proof of a protected association (or protected activity), and Speiser fails to allege this basic element.

*See Roberts v. United States Jaycees,* 468 U.S. 609, 618–23, 104 S.Ct. 3244, 82 L.Ed.2d 462 (1984).

Because Speiser had no constitutional right to counsel at the commissioners' meeting, and because he failed to allege a colorable claim relating to his right to freedom of association, we uphold the district court's judgment that qualified immunity shields these defendants.

4. Wrongful Discharge in Violation of Public Policy

Finally, Speiser contends under Ohio law that the county commissioners wrongfully discharged him as Director of the EMA as further retaliation for reporting the illegal waste disposal. We conclude that the district court, having properly exercised its discretion to hear this claim, correctly analyzed the applicable state law in granting summary judgment to the commissioners.

B. Motion for Reconsideration

This court reviews de novo the district court's denial of Speiser's motion for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure. *Keweenaw Bay Indian Comm. v. United States,* 136 F.3d 469, 474 (6th Cir.1998). Since Speiser's motion neither points to any alleged errors of law nor presents newly discovered evidence, the district court properly denied the motion. *See American Marietta Corp. v. Essroc Cement Corp.,* 59 Fed.Appx. 668, 671–72 (6th Cir. 2003) (citations omitted).

II

We therefore affirm the district court's grant of summary judgment in favor of defendants.