United States Court of Appeals
FOR THE EIGHTH CIRCUIT
No. 97-2959

James Perkins,                          *
                                        *
            Appellee,                   *    Appeal from the United States
                                        *    District Court for the
      v.                                *    District of Nebraska.
                                        *
U S West Communications,                *
                                        *
            Appellant.                  *

_____

Submitted: January 12, 1998
Filed:   March 5, 1998
_____

Before BOWMAN and BRIGHT, Circuit Judges, and JONES,[1] District Judge.
_____

BOWMAN, Circuit Judge.

      U S West Communications, Inc., appeals from the amended judgment entered by the District Court[2] pursuant to Federal Rule of Civil Procedure 59(e) in favor of James Perkins based on U S West's Federal Rule of Civil Procedure 68 offer of judgment.  We affirm.

_____

      [1]The Honorable John B. Jones, United States District Judge for the District of South Dakota, sitting by designation.

      [2]The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska.

On November 19, 1996, U S West moved for summary judgment in this Title VII sex discrimination case. On March 18, 1997, while the summary judgment motion was pending and in the absence of a trial date, U S West made a Rule 68 offer of judgment.[3] Two days later, on March 20, 1997, the District Court, having no knowledge of U S West's offer of judgment, granted summary judgment in favor of U S West and dismissed Perkins's complaint. On March 21, 1997, counsel for Perkins, having learned of the District Court's adverse grant of summary judgment, faxed to counsel for U S West a notice of acceptance of the March 18 offer of judgment. Counsel for Perkins filed with the District Court a notice of acceptance of the offer of judgment on March 24, 1997, in compliance with Rule 68. Finally, on March 31, 1997, Perkins moved to amend the District Court's March 20 judgment under Rule 59(e) to conform with the offer of judgment.[4] The District Court granted Perkins's motion to amend the court's earlier judgment in favor of U S West on June 11, 1997, entering judgment instead in favor of Perkins in the amount of $3,000, plus costs, interest, and attorney fees, as contemplated by U S West's Rule 68 offer of judgment.

U S West appeals, arguing that the District Court erred in holding that a Rule 68 offer of judgment remains valid for the statutorily prescribed ten-day period despite an intervening entry of summary judgment in favor of the party making the offer of

_____

[3]Federal Rule of Civil Procedure 68, titled "Offer of Judgment," provides in pertinent part:

> At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party. . . . If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance . . . and thereupon the clerk shall enter judgment.

[4]Federal Rule of Civil Procedure 59(e), titled "Motion to Alter or Amend Judgment," provides, "Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment."

judgment.  U S West further argues that the District Court erred in amending its earlier grant of summary judgment in favor of U S West and entering judgment in favor of Perkins under Rule 59(e) and in accordance with the Rule 68 offer of judgment.

## I.

The District Court's entry of amended judgment in favor of Perkins was based on its conclusion that Rule 68 mandates that any offer made under the Rule remains valid for ten days, regardless of an intervening entry of summary judgment.  Because this conclusion is a legal interpretation of the Federal Rules of Civil Procedure, we review de novo.  See Jordan v. Time, Inc., 111 F.3d 102, 105 (11th Cir. 1997) (noting that proper interpretation of Rule 68 is legal question that is reviewed de novo); 13 James Wm. Moore et al., Moore's Federal Practice § 68.10 (3d ed. 1997).

The purpose of Rule 68 is to promote the compromise and settlement of litigation.  See Delta Airlines, Inc. v. August, 450 U.S. 346, 352 & n.8 (1981); Mallory v. Eyrich, 922 F.2d 1273, 1277 (6th Cir. 1991).  "The Rule prompts both parties to a suit to evaluate the risks and costs of litigation, and to balance them against the likelihood of success upon trial on the merits."  Marek v. Chesny, 473 U.S. 1, 5 (1985).  Under Rule 68, if the offeree rejects the offer of judgment made by the defendant, and if "the judgment finally obtained by the offeree is not more favorable than the offer," the district court must order that the offeree pay the costs incurred by the defendant after the offer was made.  Fed. R. Civ. P. 68.  This provision shifts the risk of going forward with a lawsuit to the complainant, who becomes exposed to the prospect of liability for a part of the substantial expense of trial, and allows for no discretion in the district court to excuse the complainant from the imposition of costs.  In addition, Rule 68 leaves no discretion in the district court to do anything other than enter judgment once an offer of judgment has been accepted.  By directing that the clerk shall enter judgment after proof of offer and acceptance has been filed, the explicit language of the Rule indicates that the district court possesses no discretion to alter or modify the

parties' agreement.[5] Although Rule 68 is silent on the issue, many courts have held that an offer of judgment made under Rule 68 is irrevocable for the statutorily prescribed ten-day period, except for good cause. See, e.g., Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1240 (4th Cir. 1989) (permitting revocation of offer of judgment induced by fraud); Fisher v. Stolaruk Corp., 110 F.R.D. 74, 76 (E.D. Mich. 1986) (permitting revocation when amount of offer obviously calculated under mistake of law and defendant notified plaintiff of mistake before service of acceptance).

Neither the parties, the District Court, or our own research has found a federal case directly addressing the issue before us. State courts, however, have addressed this issue in the context of their comparable state rules regarding offers of judgment.

In Centric-Jones Co. v. Hufnagel, 848 P.2d 942 (Colo. 1993) (en banc), two defendants made a joint offer of judgment pursuant to Colorado's equivalent to Rule 68 while one defendant's summary judgment motion was pending before the trial court. The trial court granted summary judgment in that defendant's favor within ten days of the joint offer of judgment. The defendants attempted to withdraw the offer of judgment, but the plaintiff, who had knowledge of the adverse summary judgment ruling, accepted the offer of judgment. The Colorado Supreme Court held that offers of judgment are irrevocable by the offeror for the entire ten-day statutory period and that an intervening summary judgment ruling did not void an offer of judgment. The Court reasoned:

> "The defendants . . . certainly knew of the pending summary judgment motion when the offer of judgment was made. At that time, they could have chosen to make a private offer of settlement with a caveat as to the outcome of the summary judgment motion. . . . Here, [the defendants]

---

[5]The district court will not, of course, enter judgment pursuant to a Rule 68 offer of judgment that contemplates illegal activity, regardless of the parties' agreement. See, e.g., Kasper v. Board of Election Comm'rs, 814 F.2d 332, 338 (7th Cir. 1987).

assumed the calculated risk that a favorable decision of the pending summary judgment motion might negate the need for settlement, and they lost their gamble.

Centric-Jones, 848 P.2d at 948.

In Hernandez v. United Supermarkets of Oklahoma, Inc., 882 P.2d 84 (Okla. Ct. App. 1994), the Oklahoma Court of Appeals relied on Centric-Jones to hold that an intervening summary judgment has no effect on a plaintiff's right to accept an offer of judgment.  "The acceptance of [an] offer of judgment, along with its attendant mandatory judgment, displaces an intervening summary judgment, which remains interlocutory for the length of the acceptance period."  Id. at 89.  The court concluded that the offer of judgment was not extinguished by the trial court's intervening entry of summary judgment.

U S West draws our attention to a number of cases in support of its argument that the District Court erred in concluding that the offer of judgment remained valid for the full ten-day period.  These cases, however, involve offers of judgment that were determined by the courts to be unenforceable under Rule 68 or its state equivalent as a result of the start or conclusion of trial, and therefore fail to support U S West's position.  See Stoebe v. Merastar Ins. Co., 554 N.W.2d 733, 736 (Minn. 1996) (refusing to enforce offer of settlement not accepted prior to trial); Larson v. A.T.S.I., 859 P.2d 273, 274-75 (Colo. Ct. App. 1993) (refusing to apply Centric-Jones to allow plaintiff to accept offer after entry of jury verdict); Hanzelik v. Grottoli & Hudon Inv. of America, Inc., 687 So. 2d 1363, 1366 (Fla. Ct. App. 1997) (holding party may not accept offer of judgment after trial has commenced); O'Brien v. Russell, 698 So. 2d 642, 643 (Fla. Ct. App. 1997) (rejecting plaintiff's attempt to accept offer of judgment after trial); Braham v. Carncross, 514 So. 2d 71, 73 (Fla. Ct. App. 1987) (refusing to allow acceptance of offer after jury verdict rendered).

We conclude that the plain language of Rule 68 mandates that an offer of judgment remain valid and open for acceptance for the full ten-day period outlined in the Rule despite an intervening grant of summary judgment by the district court. The Rule contemplates invalidity of the offer only in instances where the offer is made less than ten days before the commencement of trial. Here, however, no trial date had been set and, despite a pending summary judgment motion and despite the absence of any exigencies associated with an impending trial date, U S West made a strategic decision to make an offer of judgment under Rule 68. Because the offer was not conditioned upon the District Court's not granting U S West's motion for summary judgment prior to Perkins's acceptance of the offer, U S West assumed the risk that the District Court would rule favorably on U S West's summary judgment motion during the ten-day period for acceptance of its Rule 68 offer. U S West took the chance that it could bring an end to this litigation for $3,000 (plus costs, interest, and attorney fees) pursuant to its Rule 68 offer and was unpleasantly surprised to find that, had it waited for the District Court's ruling on the summary judgment motion, it could have brought an end to this litigation for much less. The District Court did not err in concluding that the offer of judgment remained open for the full ten-day period despite the intervening grant of summary judgment.

## II.

Having determined that the District Court did not err in its resolution of the Rule 68 issue, we now turn to the District Court's entry of amended judgment in favor of Perkins under Rule 59(e). We review a district court's grant or denial of a Rule 59(e) motion to alter or amend a judgment for abuse of discretion. See Twin City Const. v. Turtle Mountain Band of Chippewa Indians, 911 F.2d 137, 139 (8th Cir. 1990). "An abuse of discretion will only be found if the district court's judgment was based on clearly erroneous factual findings or erroneous legal conclusions." Mathenia v. Delo, 99 F.3d 1476, 1480 (8th Cir. 1996), cert. denied, 117 S. Ct. 2518 (1997); see also International Ass'n of Machinists and Aerospace Workers, Dist. Lodge No. 19 v. Soo

Line R.R., 850 F.2d 368, 374 (8th Cir. 1988) (en banc), cert. denied, 489 U.S. 1010 (1989) (same).

As noted above, the mandatory operation of Rule 68 required the District Court to enter judgment as contemplated by U S West's offer of judgment.  Consequently, we hold that the District Court did not abuse its discretion by entering amended judgment in favor of Perkins pursuant to Rule 59(e).

## III.

The judgment of the District Court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.