**Kristen Madison DAY Plaintiff,**

v.

**The KRYSTAL COMPANY, Defendant.**

**No. 1:05–CV–300.**

United States District Court,
E.D. Tennessee,
at Chattanooga.

March 15, 2007.

Harry F. Burnette, Burnette, Dobson & Hardeman, Chattanooga, TN, for Plaintiff.

Arch Y. Stokes, John R. Hunt, Shea Stokes & Carter, College Park, GA, for Defendant.

### MEMORANDUM AND ORDER

COLLIER, Chief Judge.

Before the Court is Plaintiff Kristen Madison Day's ("Plaintiff") motion to set aside the judgment entered in favor of Defendant Krystal Company ("Defendant") on January 24, 2007 (Court File No. 48). Plaintiff filed a memorandum in support of her motion, arguing the Court's final judgment should be set aside because she accepted Defendant's offer of judgment pursuant to Fed.R.Civ.P. 68 ("Rule 68") on the same day the Court entered summary judgment in favor of Defendant (Court File No. 49). Defendant filed a response to Plaintiff's motion arguing Plaintiff accepted the offer of judgment after the Court had already entered a final judgment in favor of Defendant, and as such, the Court's judgment should stand (Court File No. 50). Plaintiff filed a reply to Defendant's response (Court File No. 52). For the following reasons, Plaintiff's motion is **DENIED** (Court File No. 48).

### I. FACTS AND PROCEDURAL HISTORY

This case is an employment discrimination case brought by Plaintiff pursuant to the Tennessee Human Rights Act ("THRA") and Title VII. Plaintiff's complaint alleged she was subjected to a hostile work environment and terminated based on her gender. She also alleged violations of the Equal Pay Act. Defendant removed this case to federal court in October 2005 and filed a motion for summary judgment on all of Plaintiff's claims in December 2006. While Defendant's motion for summary judgment was pending before the Court, Defendant made a Rule 68 offer of judgment, offering to allow judgment to be entered against it and in favor of Plaintiff, in the total sum of forty thousand dollars, inclusive of all costs, attorneys' fees, pre-judgment interest, and expenses of litigation (See Court File No. 48, Ex. A). The offer was made on January 19, 2007. *Id.*

At approximately 10:00 a.m. on the morning of January 24, 2007, Plaintiff's counsel called Defendant's counsel to acknowledge receipt of the Rule 68 offer of judgment (Court File No. 50, Exhibit 1, Affidavit of John Hunt ("Hunt Aff."), ¶¶ 3–4). Plaintiff's counsel asked whether Defendant would be interested in engaging in settlement negotiations or whether the Rule 68 offer was "just something [the defendant] had done." *Id.* at ¶ 4. Plaintiff's counsel went on to say if Defendant was interested in engaging in settlement negotiations, he would speak to Plaintiff and prepare a settlement demand letter. *Id.* Defendant's counsel told Plaintiff's counsel he would speak with Defendant and "get back to him." *Id.*

That afternoon, without knowledge of the Rule 68 offer of judgment, the Court granted Defendant's motion for summary judgment and dismissed Plaintiff's complaint (See Court File Nos. 46, 47). Judgment was entered in favor of Defendant at 3:29 p.m. (See Court File No. 50, Exhibit No. 3, Email Notification of Judgment). Soon thereafter, at 3:37 p.m., Plaintiff's counsel faxed a letter accepting Defendant's Rule 68 offer of judgment.[1] The next day Plaintiff filed a motion

---

1. The fax transmission time recorded from Plaintiff's counsel's fax machine actually reads 4:37 p.m.; however, it appears the machine had the wrong time. Defense counsel, Mr. Hunt, confirms the time was 3:37 p.m. Hunt Aff. at ¶ 5.

pursuant to Rule 59(e), requesting the Court to set aside the judgment entered on January 24, 2007 and enter judgment against Defendant in the amount of $40,000 pursuant to the Rule 68 offer of judgment.

## II. DISCUSSION

Fed.R.Civ.P. 59(e) authorizes motions to alter or amend a judgment if filed within ten days. This Court has considerable discretion whether to alter or amend a prior judgment pursuant to Rule 59(e). *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir.1993); *Huff v. Metropolitan Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir.1982). The purpose of such a motion is to bring newly discovered evidence or a manifest error of law or fact to the Court's attention. *Helton v. ACS Group*, 964 F.Supp. 1175, 1182 (E.D.Tenn.1997); *Milwee v. Peachtree Cypress Inv. Co.*, 510 F.Supp. 284, 289–90 (E.D.Tenn.1978). Accordingly, the Court "may grant a Rule 59(e) motion to alter or amend judgment only if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Henderson v. Walled Lake Consol. Schools*, 469 F.3d 479, 496 (6th Cir. 2006); *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir.2005).

"In practice, because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied." 11 Charles Alan Wright, et al., Federal Practice and Procedure Civil 2d § 2810.1; *see also Ruscavage v. Zuratt*, 831 F.Supp. 417, 418 (E.D.Pa.1993) (noting Rule 59(e) motions "should be granted sparingly because of the interests in finality and conservation of judicial resources."). Therefore, when deciding such motions, the Court must balance the need for finality with the need to render just decisions. *Edward H. Bohlin Co., Inc.*, 6 F.3d at 355.

Although Plaintiff states she brings her motion pursuant to Rule 59(e), she did not state a clear error of law had occurred, newly discovered evidence was found, an intervening change in controlling law occurred or there was a need to prevent manifest injustice. Instead, she states the Court's order entering judgment in favor of Defendant should be set aside due to her acceptance of Defendant's Rule 68 offer of judgment. The Court finds this is not a ground by which a Rule 59(e) motion to alter or amend judgment may be granted, and Plaintiff's motion can properly be denied for that reason. *See Speiser v. Engle*, 107 Fed.Appx. 459, 462 (6th Cir.2004) ("Since Speiser's motion neither points to any alleged errors of law nor presents newly discovery evidence, the district court properly denied the motion."); *Henderson*, 469 F.3d at 496 (recognizing Rule 59(e) motion should be granted *only if* there is a clear error of law, newly discovered evidence, an intervening change in controlling law or a need to prevent manifest injustice) (emphasis added). However, since Plaintiff has authority which supports her position, albeit non-binding authority for this Court, and this authority allows the relief requested pursuant to Rule 59(e), the Court will address the merits of Plaintiff's motion.

Plaintiff relies on *Perkins v. U S West Communications*, 138 F.3d 336 (8th Cir.1998) to support her position that the Court should set aside its judgment due to her acceptance of Defendant's Rule 68 offer of judgment. In *Perkins*, the defendant made a Rule 68 offer of judgment although no trial date had been set and its motion for summary judgment was pending. Two days later, without knowledge of the Rule 68 offer, the district court granted summary judgment in favor of the defendant and dismissed the plaintiff's complaint. After learning of the court's ruling, the plaintiff accepted the defendant's Rule 68 offer of judgment and moved, pursuant to Rule 59(e), for the court to amend its judgment in favor of the defendant. The district court granted the plaintiff's motion and entered judgment in favor of the plaintiff according to the terms of the Rule 68 offer of judgment. The defendant appealed, arguing the district court erred (1) in holding a Rule 68 offer of judgment remains valid for ten days despite an intervening entry of summary judgment in favor of the defendant and (2) in entering judgment in favor of the plaintiff under Rule 59(e) and in accordance with the Rule 68 offer of judgment.

The appeals court held "the plain language of Rule 68 mandates that an offer of judgment remain valid and open for acceptance for the full ten-day period outlined in the Rule despite an intervening grant of summary judgment by the district court." *Perkins,* 138 F.3d at 339. In addressing this question, the appeals court recognized there was no federal case directly on point with this issue, and as such, the court relied on state court decisions to reach its conclusion. *Id.* at 338–39. The appeals court reasoned Rule 68 anticipates invalidity of the offer only in instances where the offer is made less than ten days before the commencement of trial. Moreover, the defendant had made the offer despite the pending summary judgment motion and in the absence of a trial date. Under these circumstances, the appeals court affirmed the district court's decision.

Defendant, on the other hand, relies on a state court decision, *Wersch v. Radnor/Landgrant–A Phoenix Partnership,* 192 Ariz. 99, 961 P.2d 1047 (Ct.App.1998), for the proposition that a court's grant of summary judgment in favor of the defendant precludes the adverse party's ability to accept a pending offer of judgment. In *Wersch,* the defendant made a Rule 68 offer of judgment while its summary judgment motion was pending. 961 P.2d at 1048. Two weeks later, the court granted summary judgment in favor of the defendant. *Id.* After entry of summary judgment but within the 30–day period within which such offers remain effective under the state rule, the plaintiff attempted to accept the offer. *Id.* The trial court rejected the plaintiff's attempt and entered a formal judgment which included finality language. *Id.* The plaintiff appealed. *Id.* The court of appeals held "where summary judgment encompasses the same issues as those contained in the offer of judgment, summary judgment precludes a party's ability to accept a pending offer of judgment." *Id.* at 1050.

The Court notes the *Perkins* decision is the only federal decision that has addressed this issue. After carefully considering the plain language of Rule 68 and the clear purposes sought by the rule, the Court concludes Rule 68 does not authorize the result reached in *Perkins* and thus must respectfully disagree with the result reached in that case. After careful review, the Court finds the result reached by the *Wersch* court is the appropriate result for this case.[2]

Rule 68 provides:

At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, with costs then accrued. If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment. An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs. If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer.

■ "The primary purpose of Rule 68 is to encourage the compromise and settlement of litigation." *Mallory v. Eyrich,* 922 F.2d 1273, 1277 (6th Cir.1991); *Delta Air Lines, Inc. v. August,* 450 U.S. 346, 352, 101 S.Ct. 1146, 67 L.Ed.2d 287 (1981). "The Rule prompts both parties to a suit to evaluate the risks and costs of litigation, and to balance them against the likelihood of success upon trial on the merits." *Mallory,* 922 F.2d at 1277 (quoting *Marek v. Chesny,* 473 U.S. 1, 5, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985)). Although Rule 68 does not address whether an offer made pursuant to the rule is revocable,

---

2. The Court notes the facts of *Wersch* are not exactly on point with the situation here. Although, in *Wersch,* the trial court had granted summary judgment in favor of the defendant, the trial court's decision was not final because it did not resolve all claims in the action since there were other defendants in the action that were not privy to the summary judgment motion. Nonetheless, the Court believes its reasoning was still sound and lends support to Defendant's position in this case, especially since here the Court had not only entered summary judgment in favor of the defendant but also a final judgment.

courts have held such an offer is irrevocable for the ten-day period, except for good cause. *See, e.g., Colonial Penn Ins. Co. v. Coil,* 887 F.2d 1236, 1240 (4th Cir.1989) (permitting revocation of offer of judgment induced by fraud); *Fisher v. Stolaruk Corp.,* 110 F.R.D. 74, 76 (E.D.Mich.1986) (permitting revocation when amount of offer obviously calculated under mistake of law and defendant notified plaintiff of mistake before service of acceptance).

■ Under the normal application of Rule 68, entry of a Rule 68 judgment is ministerial rather than discretionary, meaning a district court has no discretion to do anything but to enter judgment once an offer has been accepted. *Mallory,* 922 F.2d at 1279. However, when a plaintiff attempts to accept the offer under circumstances not contemplated by the rule, the mandatory nature of the rule is absolved, as exhibited by state court decisions interpreting corresponding state rules in the context of a plaintiff attempting to accept a Rule 68 offer after a jury verdict has been rendered. *See Mapco Exp., Inc. v. Faulk,* 24 P.3d 531, 542–43 (Alaska 2001) (refusing to allow plaintiff to accept offer after jury had awarded verdict to the defendant: "[E]xtending the time for acceptance until after the verdict would clearly violate the spirit and purpose of Rule 68. As three other state jurisdictions have held under their corresponding rules, the purpose of Rule 68 is to encourage pretrial settlement, and this goal is frustrated if parties are allowed to pick and choose between the settlement offer and a known verdict..."); *Braham v. Carncross,* 514 So.2d 71, 73 (Fla.App. 1987) (refusing to allow acceptance of offer after jury verdict rendered). The Court notes there is nothing in the plain language or history of Rule 68 to suggest a plaintiff can override a final judgment by accepting an offer of judgment.

It is clear this case involves a situation where Plaintiff is attempting to accept a Rule 68 offer under circumstances not contemplated by Rule 68. In the instant case, Plaintiff faxed acceptance of Defendant's Rule 68 offer of judgment after the Court had already granted Defendant's motion for summary judgment, dismissed Plaintiff's complaint,

and entered judgment in favor of Defendant. Since a judgment was entered disposing of the case in its entirety, the judgment was final for all purposes, including appeal. Once a final judgment has been entered and the case is closed, any attempt to settle the case is then futile. Just as allowing a Plaintiff to choose between a known jury verdict and a Rule 68 settlement offer would frustrate the purposes of a Rule 68 offer of judgment, allowing a plaintiff to choose between entry of a final judgment against her and a Rule 68 offer of judgment would also frustrate the purposes of Rule 68. This is because when the Court entered a final judgment in favor of Defendant, the Court ended the litigation, and the need for settlement was no longer present. When a plaintiff attempts to accept a Rule 68 offer of judgment under circumstances not contemplated by the rule, the mandatory nature of the rule is extinguished. This means the Court is no longer required to enter judgment in favor of Plaintiff but instead has discretion to do so. The Court finds since a final judgment had already been entered against Plaintiff, Plaintiff no longer had the power to accept Defendant's Rule 68 offer of judgment.

■ Allowing Plaintiff to accept the Rule 68 offer of judgment under these circumstances would not only frustrate the purposes of Rule 68 but it would also frustrate the purposes of Fed.R.Civ.P. 56 ("Rule 56"). Rule 56 authorizes the filing of motions for summary judgment. "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action." *Celotex Co. v. Catrett,* 477 U.S. 317, 327, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (internal citations omitted). The purpose of Rule 56 is no less important than the purpose of Rule 68. If the Court were to hold Plaintiff's acceptance of a Rule 68 offer can alter or set aside the Court's final judgment in favor of Defendant by way of summary judgment, it would essentially allow Plaintiff to nullify a summary judgment and would hold Rule 68 to be of higher esteem than Rule 56. The Court believes a better reading would be

479

to give effect to both rules. This means, if Plaintiff had accepted the offer prior to the Court entering summary judgment in favor of Defendant, then Rule 68 would have been given effect, and Defendant would have been bound to perform its obligations under its Rule 68 offer of judgment. However, since Plaintiff did not accept the Rule 68 offer until after the Court granted summary judgment and entered a final judgment in favor of Defendant, Rule 56's purpose must be given effect.

It is noteworthy to the Court that Rule 68 provides for a ten-day window. The offer must be made ten days before trial, and the plaintiff has ten days to accept the offer. To the Court, this ten-day period was provided to give plaintiffs ample time to consider an offer. The ten-day period was linked to the trial date in recognition that the trial would conclude the case. Therefore, if a plaintiff was allowed ten days to consider the offer but the trial could take place within this time period, it would be possible for a final judgment to be entered before plaintiff acted. In such a case, a plaintiff's acceptance or rejection would be a nullity.

Summary judgment serves the same purpose as a determination after trial. It concludes the case unless there are outstanding parties or issues. Treating summary judgment the same as a judgment entered after trial reconciles all the rules and is in keeping with the goals of finality in litigation.

Finally, there are public policy reasons for denying Plaintiffs' motion. The purpose of Rule 68 is to encourage settlement. As Defendant points out, if a defendant will be held to its Rule 68 offer even after a final judgment is entered in its favor, then no defendant would ever want to make a Rule 68 offer when summary judgment motions are pending. This could cause litigation to continue where it could have ended and cause the Court to unnecessarily spend time and resources resolving a motion that would not need to be resolved if the case settled. Furthermore, it would also result in an unfair advantage to Plaintiff. As the *Wersch* court noted, "it would be manifestly unfair to hold the defendant to its offer after it had been awarded judgment. That would give plain-

tiffs, who could not prevail as a matter of law against this defendant, a windfall. Moreover, it would punish the party who attempted to settle for having made the attempt, a result contrary to the pro-settlement policy of the rule." 961 P.2d at 1050.

■ Therefore, the Court holds where a final judgment has been entered which dismisses a complaint in its entirety, a plaintiff can longer accept a defendant's Rule 68 offer of judgment. Rule 68 in no way prohibits or hinders the Court's ability to enter a final judgment while a Rule 68 offer is pending. Because Plaintiff could not accept the offer of judgment after a final judgment had already been entered, the Court need not address whether a rejection of the Rule 68 offer occurred. Accordingly, Rule 68 provides no relief for Plaintiff.

Moreover, as the Court noted above, when deciding whether to alter or amend a judgment pursuant to Rule 59(e), the Court must balance the need for finality with the need to render just decisions. Here, both the need for finality and to render just decisions support denying Plaintiff's motion. The Court has already rendered a final judgment in this case, so without proof of an error of law, a change in controlling law, or new evidence, there is no need to amend or alter that decision. Furthermore, Plaintiff has not presented any evidence that by granting her motion, the Court will prevent a manifest injustice. Indeed, as the Court noted above, if Plaintiff's motion were granted, then a manifest injustice would occur. Therefore, Plaintiff's motion to set aside the judgment is **DENIED** (Court File No. 48).

**SO ORDERED.**