TAYLOR, J.
In this appeal, homeowners, Kent and Marie-Eve Kroener (Kroeners), challenge two rulings by the trial court: (1) final summary judgment entered in favor of the Florida Insurance Guarantee Association (FIGA) on their claim for hurricane damage, and (2) denial of their motion to enforce FIGA’s proposal for settlement, which the Kroeners attempted to accept after entry of the final summary judgment. We affirm both rulings of the trial court.
The Kroeners are the current owners of a house they purchased from Peter and Gizella Winder (the “prior owners”) on April 10, 2007. The prior owners had homeowners’ insurance with Atlantic Preferred Insurance Company from February 22, 2005 through February 22, 2006. During that period the subject residence sustained interior and exterior property damage from Hurricane Wilma on October 24, 2005. When the hurricane struck, however, the prior owners were not residing in the home. They had moved out shortly before the hurricane to rent it out. Although the prior owners were aware of some damage from Hurricane Wilma, they never notified Atlantic of their property damage losses or made a claim on their homeowners’ policy.
Sometime after the prior owners sold their home to the Kroeners, the Kroeners discovered a roof leak, which their contractor attributed to Hurricane Wilma. At the request of the Kroeners, on December 5, 2007, the prior owners executed an Assignment of Benefits form, which directed Atlantic to pay the Kroeners “any and all applicable authorized insurance benefits for any and all applicable coverage periods, available under the policy issued by Atlantic Preferred Insurance Company....” Subsequently, the Kroeners filed a claim against FIGA for the hurricane damages suffered when the previous owners had the property.[1]
FIGA denied coverage, asserting that when the belated assignment was made, the prior owners, as assignors, no longer had an insurable interest since they had sold the property 7½ months before executing the assignment. The Kroeners then filed a complaint against FIGA for breach of contract and declaratory relief. In response, FIGA asserted that the insurance policy was not validly assigned because: (1) the insurer had not consented to an assignment; (2) the prior owners, as assignors, had no insurable interest at the time of their assignment because their sale of the property prior to the assignment wiped out their interest; (3) the prior owners had made no claims under the policy and thus had nothing to assign; (4) the prior owners had failed to comply with conditions precedent, which required prompt notice of loss, protection of the property, and detailed records of repairs; and (5) the Kroeners lacked standing to sue for a breach of the insurance policy to which they had never been parties.
After the parties engaged in discovery, FIGA amended its affirmative defenses and asserted that: (1) the Kroeners had already been paid for some of the damage by USAA Insurance; (2) they had suffered no loss, having purchased the property “as is” and received a discount from the prior *916 owners for necessary repairs; (3) the prior owners were not covered because they were not residing in the house in 2005; and (4) the Kroeners were committing a fraud.
FIGA filed a motion for summary judgment, arguing that the previous owners had no claim to assign, and no insurable interest, by the time they executed an assignment to the Kroeners, and that the policy’s timely notice requirements had been violated. FIGA further contended that, as a matter of law, a two-year delay for a hurricane loss claim is a violation of the policy’s conditions precedents, without the need to prove prejudice.
On June 9, 2009, a day before the summary judgment hearing, FIGA served a proposal for settlement of $32,000.00 on the Kroeners, including all costs and attorney’s fees. However, the Kroeners did not immediately accept FIGA’s proposal. The next day, the trial court heard arguments from counsel and granted FIGA’s motion for summary judgment. The court later entered final judgment on June 18, 2009.
The Kroeners moved for rehearing on June 22, 2009, and on that same date, filed a “Notice of Acceptance of Defendant’s Proposal for Settlement,” attaching the proposal from FIGA dated June 9, 2009.[2] The trial court denied the Kroeners’ motion for a rehearing on the summary judgment and their motion to compel enforcement of FIGA’s proposed settlement.

Summary Judgment on Insurance Claim

The applicable standard of review of an order granting summary judgment is de novo. Suncoast Cmty. Church of Boca Raton, Inc. v. Travis Boating Ctr. of Fla., 981 So.2d 654, 655 (Fla. 4th DCA 2008). •However, it is well-settled that a summary judgment should be affirmed if the record reflects that no genuine issues of material fact exist, and the movant is entitled to judgment as a matter of law. Smith v. Shelton, 970 So.2d 450, 451 (Fla. 4th DCA 2007). Here, considering the undisputed facts, the terms of the insurance policy, and applicable case law, we find that the trial court correctly entered final summary judgment for FIGA.
At the outset, we note that the parties agree that the insurance policy itself could not be assigned, but that any authorized benefits that had arisen under the policy during the time of the prior ownership of the property could be assigned. However, to obtain benefits under the policy, the insured was required to “give prompt notice” after a loss occurred.
Although the trial court entered final summary judgment for FIGA under several theories, we agree with the trial court’s ruling that, as a matter of law, notice to the insurer of a claim of loss more than two years and two months after the loss occurred was not prompt notice; the untimely reporting of the loss violated the insurance policy and was sufficient to bar the claim. See Highlands Ins. Co. v. Kravecas, 719 So.2d 320 (Fla. 3d DCA 1998) (holding that third-party buyer of hurricane-damaged home was not entitled to assert a loss-of-use claim pursuant to insured seller’s assignment of insurance claims, where seller did not claim any loss of use during his period of ownership). Like the new buyer in Highlands, the Kroeners did not receive any claims through the previous owners’ assignment because there were no claims timely made by the previous owners to assign.

*917
Proposal for Settlement

We next address the Kroeners’ argument that the trial court erred in denying their motion to compel enforcement of FIGA’s proposal for settlement.
On June 9, 2009, a day before the summary judgment hearing, counsel for FIGA served a proposal for settlement in the amount of $32,000.00. On June 10, 2009, the trial court heard arguments from counsel and granted FIGA’s motion for summary judgment; it later entered final judgment on June 18, 2009. On June 22, four days after final judgment, the Kroen-ers served a “Notice of Acceptance of Defendant’s Proposal for Settlement,” which was actually filed on June 23rd. On June 22nd, after receiving the “acceptance,” FIGA’s counsel withdrew the offer in writing. The trial court rejected the Kroeners’ argument that they had timely accepted the offer prior to its withdrawal. Instead, the court ruled that the final summary judgment terminated the Kroen-ers’ ability to accept a proposal for settlement. It thus denied their motion to compel enforcement of the proposal for settlement. The court explained its reasoning:
Here the offer was made before a Motion for Summary Judgment was to be heard. It gave the Plaintiff the opportunity to fully consider resolution of the case before a hearing that could result in an adverse ruling. The Plaintiff had the further advantage that had the court denied the Defendant’s motion, it still could have exercised its option to accept the offer. The Plaintiffs argument, would now seek a “no risk” approach — no matter what result was reached at the Summary Judgment hearing — the offer remains viable for the taking. This is somewhat akin to allowing a litigant to file an acceptance after a jury verdict.
The Final Summary Judgment entered constituted an end to the judicial labor. The Motion for Rehearing filed (after the Plaintiffs “acceptance”) in this instance merely tolled the time to file an appeal. Accordingly, the Summary Judgment entered by the Court was effectively the same had a Judgment been entered in Defendant’s favor at trial.
This issue appears to be one of first impression in Florida. Although Florida courts have decided that a proposal for settlement cannot be accepted after trial begins,[3] we could find no authority on the acceptance of settlement offers after -summary judgment. The Kroeners argue that FIGA’s offer was not terminated, as a matter of law, as a result of summary judgment. They contend they had thirty days from the time they received the proposal for settlement to either accept or reject it, pursuant to section 768.79(1), Florida Statutes; within those thirty days, on June 22, 2009, they accepted FIGA’s offer and it was binding notwithstanding entry of summary judgment.
FIGA filed its proposal for settlement pursuant to section 768.79, Florida Statutes (2009), and Florida Rule of Civil Procedure 1.442. Section 768.79(1) provides that a plaintiff has a thirty-day window to *918 accept or reject an offer. “An offer shall be accepted by filing a written acceptance with the court within 30 days after service. Upon filing of both the offer and acceptance, the court has full jurisdiction to enforce the settlement agreement.” § 768.79(4). However, “[a]n offer may be withdrawn in writing which is served before the date a written acceptance is filed. Once withdrawn, an offer is void.” § 768.79(5). In addition, Florida Rule of Civil Procedure 1.442(b) restricts service of an offer to no “later than forty-five (45) days before the date set for trial or the first day of the docket on which the ease is set for trial, whichever is earlier.” Here, the Kroeners contend that the trial was set for August 9, 2009, and that their June 22 acceptance, in accordance with Rule 1.442(b), was well within the statutory thirty-day window. Noting that neither section 768.79 nor Rule 1.442(b) “address[es] or shortens the time for acceptance in relation to interlocutory orders which may terminate the litigation,” the Kroeners contend that FIGA’s offer was “irrevocable” at the point when summary judgment was entered.
To support their argument that an offer of judgment remains “valid and open for acceptance” for the full statutory time period “despite an intervening grant of summary judgment,” the Kroeners rely upon Perkins v. U.S. West Communications, 138 F.3d 336 (8th Cir.1998). There, the Eighth Circuit held that Federal Rule of Civil Procedure 68, titled “Offer of Judgment,” mandates that any offer made under the rule remains valid for ten days, regardless of an intervening entry of summary judgment.[4] 138 F.3d at 338. In Perkins, the employee brought a Title VII sex discrimination action against his employer. Id. at 337. On November 19, 1996, the employer moved for summary judgment. On March 18, 1997, while the summary judgment motion was pending and before a trial date had been set, the employer made a Rule 68 offer of judgment. Id. Two days later, on March 20, the district court, without knowledge of the employer’s offer of judgment, granted summary judgment in favor of the employer and dismissed the plaintiffs complaint. Id. The next day, counsel for the plaintiff, who learned of the court’s ruling, faxed the employer’s counsel a notice of acceptance of the March 18 offer of judgment and filed the notice with the court. Id. at 337-38. The plaintiff then moved to amend the earlier judgment entered in favor of the employer to conform to the offer of judgment. Id. The district court granted the plaintiffs motion and entered judgment in his favor in the amount of $3,000, plus costs, interest, and attorney fees, pursuant to Rule 68. Id.
In upholding the district court’s entry of judgment for the plaintiff, the Eighth Circuit recognized that there were no federal cases directly on point and relied on state court cases that had addressed comparable state rules on offer of judgment: Centric-Jones Co. v. Hufnagel, 848 P.2d 942 (Colo.1993) (holding that offers of judgment are irrevocable by the offeror for the entire ten-day statutory period and that an intervening summary judgment ruling did not void an offer of judgment), and Hernandez v. United Supermarkets of Oklahoma, Inc., 882 P.2d 84 (Okla.App. Div. 2 1994) *919 (stating that “the acceptance of [an] offer of judgment, along with its attendant mandatory judgment, displaces an intervening summary judgment, which remains interlocutory for the length of the acceptance period” and concluding that the offer of judgment was not extinguished by the trial court’s intervening entry of summary judgment). Id. at 3B9.
In Perkins, the court also looked to the plain language of Rule 68 and declined to follow the analysis of state courts deeming offers of judgment to be unenforceable after the start or conclusion of trial.
However, other courts have held that acceptance of an offer of judgment after entry of summary judgment is a nullity. They reason that to allow acceptance of an offer after entry of summary judgment would defeat the purposes for which the rule was designed — to encourage settlements and avoid protracted litigation. See Preuss v. Stevens, 150 Ariz. 6, 721 P.2d 664 (1986) (holding that a trial court’s entry of summary judgment prior to acceptance of an offer of judgment renders the offer ineffectual for any purpose); Wersch v. Radnor/Landgrant-A Phoenix P’ship, 192 Ariz. 99, 961 P.2d 1047 (1998) (upholding trial court’s rejection of plaintiffs attempt to accept a Rule 68 offer of judgment made after entry of summary judgment but within the thirty-day period within which such offers remain effective under the state rule); Day v. Krystal Co., 241 F.R.D. 474 (E.D.Tenn.2007) (disagreeing with Perkins, and holding that an employee could not accept an offer of judgment after the trial court had granted summary judgment and entered final judgment).
In Day, the court noted that “there is nothing in the plain language or history of Rule 68 to suggest a plaintiff can override a final judgment by accepting an offer of judgment.” 241 F.R.D. at 478. The court went on to state:
Since a judgment was entered disposing of the case in its entirety, the judgment was final for all purposes, including appeal. Once a final judgment has been entered and the case is closed, any attempt to settle the case is then futile. Just as allowing a Plaintiff to choose between a known jury verdict and a Rule 68 settlement offer would frustrate the purposes of a Rule 68 offer of judgment, allowing a plaintiff to choose between entry of a final judgment against her and a Rule 68 offer of judgment would also frustrate the purposes of Rule 68. This is because when the Court entered a final judgment in favor of Defendant, the Court ended the litigation, and the need for settlement was no longer present. When a plaintiff attempts to accept a Rule 68 offer of judgment under circumstances not contemplated by the rule, the mandatory nature of the rule is extinguished. This means the Court is no longer required to enter judgment in favor of Plaintiff but instead has discretion to do so. The Court finds since a final judgment had already been entered against Plaintiff, Plaintiff no longer had the power to accept Defendant’s Rule 68 offer of judgment.

Id.

The court further noted:
Summary judgment serves the same purpose as a determination after trial. It concludes the case unless there are outstanding parties or issues. Treating summary judgment the same as a judgment entered after trial reconciles all the rules and is in keeping with the goals of finality in litigation.
Id. at 479.
The court continued:
Finally, there are public policy reasons for denying Plaintiffs’ motion. The *920 purpose of Rule 68 is to encourage settlement. As Defendant points out, if a defendant will be held to its Rule 68 offer even after a final judgment is entered in its favor, then no defendant would ever want to make a Rule 68 offer when summary judgment motions are pending. This could cause litigation to continue where it could have ended and cause the Court to unnecessarily spend time and resources resolving a motion that would not need to be resolved if the case settled. Furthermore, it would also result in an unfair advantage to Plaintiff. As the Wersch court noted, “it would be manifestly unfair to hold the defendant to its offer after it had been awarded judgment. That would give plaintiffs, who could not prevail as a matter of law against this defendant, a windfall. Moreover, it would punish the party who attempted to settle for having made the attempt, a result contrary to the pro-settlement policy of the rule.” 961 P.2d at 1050.

Id.

The above sentiment was echoed in Smith v. Southeastern Pennsylvania Transportation Authority, 258 F.R.D. 300, 302 (E.D.Pa.2009): if the offeree could accept the offer after the court entered summary judgment, he or she could unilaterally ignore the court’s final order, essentially rendering the court’s ruling meaningless.
As discussed above, the courts which permit acceptance of an offer after a court has entered summary judgment rely on the proposition that the offer is absolutely irrevocable. In Florida, however, the proposal for settlement is revocable at any time before its acceptance by the of-feror, Fla. R. Civ. P. 1.442(e). Further, we find more persuasive the reasoning of the courts that preclude a party’s ability to accept a pending offer of judgment after the grant of final summary judgment. This is more in accord with the reasoning of our courts, which do not allow a party to accept an offer of judgment after trial has commenced or a verdict has been announced because it would frustrate the purpose of Rule 1.442 to encourage settlement, obviate the necessity of protracted litigation, and “totally defeat the ends of justice and allow a mockery of the judicial system.” Braham, 514 So.2d at 73.
We therefore hold that the trial court’s grant of final summary judgment in favor of FIGA terminated FIGA’s pending offer of judgment and precluded the Kroeners’ ability to accept it.

Affirmed.

STEVENSON and GERBER, JJ., concur.

. On May 31, 2006, Atlantic became insolvent and was placed into liquidation, at which tíme FIGA became the successor in interest to Atlantic, pursuant to Chapter 631.

. Though not reflected in the record or in the appendix, the Kroeners state that on June 22, 2009, they sent an e-mail to defense counsel, accepting FIGA's proposal for settlement, and that upon receipt of this e-mail, defense counsel e-mailed plaintiffs’ counsel and withdrew the proposal for settlement based on the final judgment.

. Kennard v. Forcht, 495 So.2d 924 (Fla. 4th DCA 1986) (prohibiting plaintiff from accepting offer, where plaintiff received the offer prior to trial but waited until trial was essentially complete to attempt to accept it); Braham v. Carncross, 514 So.2d 71 (Fla. 2d DCA 1987) (refusing to allow acceptance of offer after jury verdict rendered); O'Brien v. Russell, 698 So.2d 642 (Fla. 3d DCA 1997) (rejecting plaintiff's contention that because section 768.79, Florida Statutes, allows him a full thirty days to accept the defendant’s offer of judgment, he could, immediately after a defense verdict, accept the offer made twelve days before trial).

. Federal Rule of Civil Procedure 68 provides in pertinent part:
At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.