GERBER, J.
The insured appeals the circuit court’s final summary judgment in the insurer’s favor. The insured argues the court erred in finding that the insured’s untimely notice of claim, served twenty-nine months after the alleged loss, barred its claim as a matter of law. We agree with the insured and reverse.
The circuit court based its judgment on the following language from this court’s opinion in Kroener v. Florida Insurance Guaranty Ass’n, 63 So.3d 914 (Fla. 4th DCA 2011): “[A]s a matter of law, notice to the insurer of a claim of loss more than two years and two months after the loss occurred was not prompt notice; the untimely reporting of the loss violated the insurance policy and was sufficient to bar the claim.” Id. at 916.
The circuit court’s understandable reliance on Kroener ultimately was misplaced. At the time the circuit court rendered its judgment, it did not have the benefit of our later opinions in Kramer v. State Farm Florida Insurance Co., 95 So.3d 303 (Fla. 4th DCA 2012), and Soronson v. State Farm, Florida Insurance Co., 96 So.3d 949 (Fla. 4th DCA 2012). In both of those opinions, we held:
Despite the fact that a notice of loss and a sworn proof of loss are conditions precedent to suit ... our supreme court long has held that “[s]uch a condition can be avoided by a party alleging and showing that the insurance carrier was not prejudiced by noncompliance with the condition.” [Bankers Ins. Co. v. Macias, 475 So.2d 1216, 1218 (Fla.1985) ]. In other words, “[i]f the insured breaches the notice provision, prejudice to the insurer will be presumed, but may be rebutted by a showing that the insurer has not been prejudiced by the lack of notice.” Id. (citations omitted).
Kramer, 95 So.3d at 306; accord Soronson, 96 So.3d at 952-53. We then clarified Kroener as follows:
[Kroener ] was based upon a record similar to this case, where the insurer argued that it was prejudiced by the insureds’ untimely pre-suit notice of the alleged loss, and the insureds did not come forward with counterevidence sufficient to reveal a genuine issue as to whether the insurer was prejudiced. Kroener should not be interpreted as having deviated from the prejudice analysis described in Bankers.
Kramer, 95 So.3d at 307 n. 1; accord Soronson, 96 So.3d at 953 n. 1.
Here, because of the circuit court’s reliance on Kroener before our clarification in Kramer and Soronson, the court did not engage in the prejudice analysis described in Bankers. Therefore, we remand for the court to reconsider the insurer’s motion for summary judgment and the insured’s response for that purpose.

Reversed and remanded for proceedings consistent with this opinion.

MAY, C.J., and DAMOORGIAN, J„ concur.