SUAREZ, J.
Henry Hope[1] appeals from a summary judgment granted in favor of Citizens Property Insurance Corporation [“Citizens”]. We affirm.
Mr. Hope’s property is insured by Citizens. In October, 2005, the property suffered damage from Hurricane Wilma. Mr. Hope did not immediately file a claim with Citizens. Over the next four years, he made various repairs to the property by himself, in an effort to mitigate the damage. When the damage remained unresolved, Mr. Hope hired an independent public adjuster to estimate the damages, and filed a claim with Citizens in 2009. After investigating the claim, Citizens denied coverage for failure to give prompt notice of the hurricane damage, stating that because Mr. Hope waited nearly four years to make a claim, it was unable to attribute any damage to a covered loss. Mr. Hope filed a complaint against Citizens for breach of contract.
In its amended motion for summary judgment, Citizens argued that not only had Mr. Hope failed to fulfill his post-loss obligation under the policy of insurance to promptly give notice to the insurer of the hurricane loss, but also that the patchy repairs over the years since the hurricane had prejudiced Citizens’ ability to properly evaluate the damage alleged to have been caused by the storm. There *459 was no question that Mr. Hope did not notify Citizens of the hurricane loss until approximately four years after the loss occurred. His response on summary judgment stated that the record sufficiently overcame the presumption of prejudice to Citizens. The transcript of the summary judgment hearing shows that the trial court based its entry of summary judgment on the insured’s failure to provide timely notice to Citizens and never reached the issue of prejudice. Our review of the trial court’s summary judgment is de novo. See Volusia Cnty. v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000).
The trial court relied solely on Kroener v. Florida Insurance Guaranty Ass’n, 63 So.3d 914 (Fla. 4th DCA 2011), in granting summary judgment in favor of Citizens. In Kroener, the court held that, as a matter of law, the Kroeners’ notice of claim to the insurer more than two years and two months after the loss was not prompt notice, violated the policy and, alone, was sufficient to bar the claim without addressing the question of prejudice to the insurer. Following the holding in Kroener, the trial court reluctantly concluded that Mr. Hope’s notice to Citizens four years after the alleged loss was, as a matter of law, a failure to comply with the insurance policy’s notice provision, and was alone sufficient to grant summary judgment for Citizens. The issue of prejudice was not addressed. The trial court cannot be faulted for its conclusion as it did not have the advantage of later cases that receded from and clarified the Kroener holding. Those cases followed Bankers Insurance Co. v. Macias, 475 So.2d 1216 (Fla.1985), which provided that, “[i]f the insured breaches the notice provision, prejudice to the insurer will be presumed, but may be rebutted by a showing that the insurer has not been prejudiced by the lack of notice.” Id. at 1218; accord Stark v. State Farm Fla. Ins. Co., 95 So.3d 285 (Fla. 4th DCA 2012); Kings Bay Condo. Ass’n v. Citizens Prop. Ins. Corp., 102 So.3d 732, 733 (Fla. 4th DCA 2012); Kramer v. State Farm Fla. Ins. Co., 95 So.3d 303, 306 (Fla. 4th DCA 2012); Soronson v. State Farm Fla. Ins. Co., 96 So.3d 949, 952-53 (Fla. 4th DCA 2012). Once the presumption of prejudice is raised in favor of the insurer, the burden shifts to the insured to show that the insurer was not prejudiced by untimely pre-suit notice of loss.
Although the circuit court’s reliance on Kroener was misplaced, we may nevertheless affirm the summary judgment. Under the “tipsy coachman doctrine,” we are bound to affirm the circuit court’s order if it reached the correct result, even if it reached that result for the wrong reason. See Dade Cnty. Sch. Bd. v. Radio Station WQBA, 731 So.2d 638, 644-45 (Fla.1999) (holding that, even when based on erroneous reasoning, a conclusion or decision of a trial court will generally be affirmed if the evidence or an alternative theory supports it); Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150, 1152 (Fla.1979); see also Agudo, Pineiro & Kates, P.A., v. Harbert Constr. Co., 476 So.2d 1311, 1315 (Fla. 3d DCA 1985) (“[A]s Loranger v. State Dep’t of Transp., 448 So.2d 1036, 1039 (Fla. 4th DCA 1983) makes clear, the “right for the wrong reason” appellate maxim does not apply in summary judgment proceedings where the issue was never raised in the motion for summary judgment.” (emphasis added)). Here, the issue of prejudice was raised in the summary judgment motion. Therefore, we must examine the record to determine if the evidence supports the trial court’s decision to grant summary judgment, even if for the wrong reason. There is no dispute that Mr. Hope failed to give *460 timely notice of the loss as required by the policy. As such, there is a presumption that Citizens has been prejudiced. The question, then, is whether Mr. Hope met his burden to provide sufficient evidence to overcome the presumption of prejudice as raised in the motions for summary judgment.
On de novo review, we conclude the record does not set forth evidence sufficient to rebut the presumption of prejudice to Citizens resulting from the homeowner’s delayed notice of loss. See, e.g., Soronson, 96 So.3d at 949 (granting summary judgment, concluding that the insured failed to come forward with counterevidence sufficient to reveal a genuine issue of material facts as to whether the insurer was prejudiced by the insured’s untimely pre-suit notice); Kramer, 95 So.3d at 303 (granting summary judgment, concluding that the presumption of prejudice resulting from late notice was not rebutted by structural engineer’s affidavit stating that roof damage was equally likely to have resulted from wind damage or foot traffic). In its motion for summary judgment, Citizens presented the court with arguments on the merits of late notice and an affidavit confirming the resulting presumption of prejudice in its ability to properly adjust the claim. See Fla. R. Civ. P. 1.510. The burden then shifted to the insured to show how Citizens was not prejudiced by the late notice. Mr. Hope addressed the issue of prejudice in his response to the motion for summary judgment, and attached the homeowner’s affidavit, a roofer’s repair estimate and the public claims adjuster’s report listing various repairs necessary to the roof and house structure. That evidence, however, is merely conclusory and fails to rebut the presumption of prejudice to Citizens where the passage of time has rendered Citizens unable to determine exactly what current damage is directly attributable to Hurricane Wilma, and thus a covered loss. After a thorough examination of the record before us, we determine that the trial court arrived at the correct conclusion, albeit for the wrong reason, and affirm.
Affirmed.

. Appellant Florence Cunningham passed away in 2011 but remains on the style of the case.